**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue NW ) <br> Washington, DC 20530, ) <br> ) <br>        Defendant. ) <br> _____) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## STATEMENT OF FACTS

5. On May 14, 2018, Plaintiff submitted a FOIA request to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), a component of DOJ, seeking the following:

> The 1,900 pages of records referenced at paragraph 9 of the Supplemental Declaration of Peter J. Chisolm, Acting Chief, ATF Disclosure Division, filed on May 1, 2018 in the U.S. District Court for the District of Columbia, civil action case number 17-600-CKK. In relevant part, paragraph 9 of the Chisolm Declaration describes the 1,900 pages we request as follows: "The approximately 1,900 pages ultimately determined to be nonresponsive, were carefully reviewed line-by-line for responsiveness by the Disclosure Division. After that extensive review was completed, these pages were set aside without additional processing because they were nonresponsive. The non-responsive documents fell into such categories as, drafts and final versions of ATF talking points related to the Armor Piercing Ammunition Notice of Proposed Rulemaking (NPRM); emails and attachments discussing the classification of 5.56mm SS109 and M855 ammunition for the NPRM; and drafts and final versions of Questions for the Record subsequent to ATF Director B. Todd Jones' testimony before Congress, portions of which mention armor piercing ammunition."

6. According to email records, ATF received the request on May 14, 2018.

7. As of the date of this Complaint, Defendant has failed to: (i) formally acknowledge the request or assign it a FOIA control number; (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (iii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within thirty (30) working days of receiving the request at the latest.  Accordingly, Defendant's determination was due no later than June 25, 2018.  At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records

withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 25, 2018                                   Respectfully submitted,

                                                             *s/ Chris Fedeli*
                                                             Chris Fedeli
                                                             D.C. Bar No. 472919
                                                             **JUDICIAL WATCH, INC.**
                                                             425 Third Street SW, Suite 800
                                                             Washington, DC 20024
                                                             (202) 646-5172

                                                             *Counsel for Plaintiff*